IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **OHIO FRESH EGGS, LLC.,** 12896 Appleton Rd. Croton, OH 43013 | : | **CASE NO.** |
| and | : | **JUDGE** |
| **OHIO INVESTMENTS CO., LLC** 127 Conley Drive Chestertown, MD 21620 | : | *Jury Demand Endorsed Hereon* |
| | : | |
| **Plaintiffs,** | : | |
| vs. | : | |
| **SMITH & KRAMER, P.C.,** 801 Grand Avenue, Suite 3700 Des Moines, IA 50309-8004 | : | |
| and | : | |
| **WILLIAM SIDNEY SMITH** 801 Grand Avenue, Suite 3700 Des Moines, IA 50309-8004 | : | |
| and | : | |
| **JAN MOHRFELD KRAMER** 801 Grand Avenue, Suite 3700 Des Moines, IA 50309-8004 | : | |
| **Defendants.** | : | |

# COMPLAINT

Now come Plaintiffs, and set forth their Complaint for damages and make the following averments:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter and controversy exceeds the sum of $75,000.00 and the parties are diverse, citizens of different states.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of the property that is the subject of this action is situated in this judicial district.

## PARTIES

3. Ohio Fresh Eggs, LLC., (OFE) is a Pennsylvania corporation, doing business in the State of Ohio, Licking County.

4. Ohio Investments Co., LLC., (OIC) is a Delaware corporation registered to do business in the State of Ohio.

5. Smith & Kramer, P.C., is a law firm, licensed and practicing law in the State of Iowa.

6. William Sidney Smith is a licensed attorney in the State of Iowa, and an employee, agent, partner, and/or representative of Smith & Kramer, P.C.

7. Jan Mohrfeld Kramer is a licensed attorney in the State of Iowa, and an employee, agent, partner, and/or representative of Smith & Kramer, P.C.

## ALLEGATIONS

8. In 2004 OFE purchased the Croton, Marseilles and Mt. Victory facilities from Buckeye Egg Farm (Buckeye) and others, which it operated for several years. The Croton, Marseilles and Mt. Victory facilities are located in the State of Ohio.

9. When OFE acquired the egg farm facilities, OFE assumed certain responsibilities under a Federal Consent Decree that Buckeye had negotiated with the United States Environmental Protection Agency (EPA) and the United States Department of Justice (DOJ) in Civil Action No. 3:03CV 7681 in the U.S. District Court for the Northern District of Ohio. This subjected OFE to certain requirements under the Federal Consent Decree, including to develop and implement certain emission control plans for the facilities.

10. Defendants, as attorneys, represented Plaintiffs as their clients when OFE purchased the Croton, Marseilles and Mt. Victory facilities from Buckeye Egg Farm and others in 2004, establishing an attorney-client relationship.

11. In 2004, Defendants knew that when OFE acquired the facilities, OFE assumed the responsibilities under the Federal Consent Decree referenced in ¶9 above.

12. After OFE purchased the facilities referenced above, Defendants continued to represent and serve as OFE's attorneys, knowing that OFE was subject to certain requirements under the Federal Consent Decree, including to develop and implement certain emission control plans for the facilities.

13. In 2011 OFE made the decision to exit the egg business and lease the facilities to Trillium Holdings, LLC., (Trillium), and Defendants were retained by Plaintiffs to negotiate all necessary agreements with Trillium.

14. Acting as counsel, and attorneys on behalf OFE/OIC, Defendants negotiated and drafted all of the original lease agreements with Trillium, including the Master Agreement Croton Facilities entered into effective July 30, 2011, as revised and restated effective October 22, 2011, as further amended effective October 15, 2012, and related agreements, and the Master Agreement Northern Facilities entered into July 30, 2011, and related agreements.

15. As counsel and attorneys for OFE, Defendants owed a legal duty to Plaintiffs as their clients to negotiate terms and ensure all requirements were fulfilled before OFE/OIC executed the lease documents, including advising OFE and OIC of all of their legal duties under the Federal Consent Decree, and the inclusion of the Federal Consent Decree in the lease documents.

16. In providing legal advice and counseling, Defendants negligently failed to counsel Plaintiffs as to whether Federal Consent Decree requirements had to be satisfied before Plaintiffs executed the Leases and Master Agreements with Trillium. At that time, Defendants were aware of the Federal Consent Decree and its requirements and failed to advise Plaintiffs whether to provide notice to EPA and DOJ under the Federal Consent Decree before entering the 2011 lease agreements, and address the Federal Consent Decree in the lease.

17. On July 10, 2018 Trillium, now represented by Defendants, sent a July 10, 2018 letter to Plaintiffs, notifying Plaintiffs that Trillium may have a claim for indemnification against Plaintiffs regarding damages it may face due to a possible claim against it by the EPA for failure to comply with the Federal Consent Decree.

18. Plaintiffs have now been placed on notice that the EPA and DOJ may claim that Plaintiffs failed to provide them with the required advanced notice of leasing the facilities to Trillium, resulting in significant stipulated penalties under the Federal Consent Decree.

19. Trillium, Defendants' current client, now claims that it never received notice of the Federal Consent Decree and that it did not agree to implement certain Federal Consent Decree requirements at the egg facilities. As counsel and attorneys for Plaintiffs, Defendants negotiated with Trillium and prepared the 2011 lease agreements, knew about the Federal Consent Decree and its ongoing requirements and should have ensured that Trillium received proper notice of the

4

Federal Consent Decree and advise and address the responsibilities Trillium would assume when it took over operations at the egg facilities.

20. Defendants' failures, neglect, failures to disclose, inappropriate advice, as referenced above, have now subjected Plaintiffs to the costs, expenses, attorney fees, expert costs of the ongoing defense of the enforcement by the EPA and DOJ, additional costs to install/reinstall/repair emission control devices and implement emission control plans, and stipulated penalties under the Federal Consent Decree.

21. Defendants negligently negotiated the representations and warranties found in the lease agreements referenced above. In the 2011 lease agreements, Plaintiffs made representations and warranties to Trillium regarding environmental conditions of the facilities and compliance with laws, including environmental laws and agreements. These representations included warranties that entering the leases would not violate any pending actions, would not conflict with or breach agreement or other commitments by Plaintiffs, and would not give rise to any claim or judgment against Plaintiffs, and did not require prior filing with any governmental entity, among others. Defendants negotiated and drafted those representations and warranties in the 2011 lease agreements, at all times knowing about the Federal Consent Decree, and Plaintiffs relied upon the advice and counsel of Defendants and made those representations and warranties and executed the 2011 lease agreements based thereon. Defendant failed to mention, discuss or advise Plaintiffs regarding the Federal Consent Decree and its needed inclusion in the leases.

22. The representations, warranties and lease agreements referenced above were restated with Trillium in 2014 including in the Consolidated Master Agreement and related documents, but the 2014 restated lease agreement essentially repeated the representations and warranties by Plaintiffs that Defendants had negotiated in the 2011 lease agreements.

5

23. Trillium, who Defendants now represent, now claims that Plaintiffs breached their representations and warranties made in the 2014 restated lease agreements through a Notice of Default.

24. After representing Plaintiffs and negotiating the 2011 lease agreements, and while Plaintiffs were still Defendants clients, Defendants decided to represent Trillium opposite Plaintiffs, which was directly adverse to Plaintiffs as the parties had very different and very significant financial interests at stake in the negotiations and constituted a conflict of interest. The 2014 restated lease agreements were substantially related to the 2011 lease agreements. Defendants failed to address the Federal Consent Decree in both leases.

25. Defendants actions have proximately caused Plaintiffs to incur ongoing significant attorney fees, costs, expert fees, and other expenses, as well as the possibility of incurring significant penalties and additional damages pursuant to the Federal Consent Decree referenced above. Plaintiffs have and are currently participating in ongoing discussions with the EPA/DOJ.

26. Had Defendants correctly and properly advised Plaintiffs, as well as accurately negotiated and drafted the representations and warranties in the lease agreements referenced above, Defendants would not have incurred the ongoing damages, attorney fees, expert fees, costs and expenses to date referenced herein, and continuing in an amount exceeding several hundred thousand dollars, to be more accurately determined at trial.

## CAUSES OF ACTION

## COUNT I: NEGLIGENCE

27. Paragraphs 1 through 26 above are hereby incorporated by reference as if fully rewritten herein.

28. An attorney-client relationship existed between Plaintiffs and Defendants at the times as referenced herein.

29. At all times referenced herein, Plaintiffs relied upon Defendants representations, counsel, and advice, in good faith, now to their detriment.

30. Defendants actions constitute a breach of their duty of reasonable care for their clients and fell below the level of the standard of skill and care required by attorneys similarly situated, and proximately caused damages to Plaintiffs in excess of $75,000.00, as referenced above.

## COUNT II: BREACH OF FIDUCIARY DUTY

31. Paragraphs 1 through 30 above are hereby incorporated by reference as if fully rewritten herein.

32. An attorney-client privileged relationship existed between Plaintiffs and Defendants at the times as referenced herein.

33. At all times referenced herein, Plaintiffs relied upon Defendants representations, counsel, and advice, in good faith, now to their detriment.

34. Defendants actions constitute a breach of fiduciary duty owed to Plaintiffs, said breach of fiduciary duty causing significant ongoing damages to Plaintiffs to date, attorney fees, costs and expenses, expert costs, defense costs, to continue into the future, as well as possible penalties, as referenced above, in an amount in excess of $75,000.00 to be more accurately proven at trial.

## COUNT III: BREACH OF CONTRACT

35. Paragraphs 1 through 34 above are hereby incorporated by reference as if fully rewritten herein.

36. Defendants' representation of Plaintiffs resulted in a binding contract and contractual obligations and Defendants owing Plaintiffs a fiduciary duty, as well as a duty of reasonable care, and to exercise an appropriate level and standard of skill and care required by attorneys in their profession similarly situated.

37. At all times referenced herein, Plaintiffs relied upon Defendants representations, counsel, and advice, in good faith, now to their detriment.

38. Defendants actions referenced herein constitute a breach of their contract, and obligations to Defendants, said breach proximately causing ongoing significant damages to Plaintiffs, including attorney fees, costs, expenses, to date, and continuing, as referenced above, in an amount in excess of $75,000.00 to be more accurately proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray this Court for compensatory damages in excess of $75,000.00 against Defendants, jointly and severally, in an amount that will fully, fairly and completely compensate Plaintiffs for their damages, and for interest both pre-judgment and post-judgment and any other relief the Court deems appropriate, in law and in equity. Plaintiffs also seek recovery of all attorney fees, costs and expenses incurred herein.

Respectfully submitted,

*/s/ Matthew R. Planey*
Matthew R. Planey (0066662)
John C. Albert (0024164)
CRABBE, BROWN & JAMES, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215
(614) 229-5511; Fax: (614) 229-4559
Email: mplaney@cbjlawyers.com
Email: jalbert@cbjlawyers.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Now comes Plaintiffs Ohio Fresh Eggs, LLC., and Ohio Investments Co., LLC and hereby demand a trial by a jury as to all issues triable herein.

<i>/s/ Matthew R. Planey</i><br>
Matthew R. Planey (0066662)<br>
<i>Attorney for Plaintiff</i>