IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OHIO FRESH EGGS, LLC, et al.,**

    **Plaintiffs,**

v.                                        Civil Action 2:20-cv-5267
                                           Judge James L. Graham
                                           Magistrate Judge Jolson

**SMITH & KRAMER, PC, et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Re-Designate Certain Discovery Documents from AEO to Confidential after In Camera Review (Doc. 94). The Motion is **GRANTED**.

**I.    BACKGROUND**

Previously, the District Judge thoroughly described the background giving rise to this action. (Doc. 24 at 1–4). As she has done before, the Undersigned briefly notes Plaintiffs' key allegations. Plaintiffs Ohio Fresh Eggs, LLC and Ohio Investments Co., LLC purchased Ohio egg farm facilities in 2004. (Doc. 1, ¶ 8). The facilities were not purchased unencumbered—they were acquired subject to a Consent Decree entered by the prior owner with the Environmental Protection Agency ("EPA") and Department of Justice ("DOJ"). (*Id.*, ¶ 9). The Consent Decree required the development and implementation of emission control plans (*id.*) and its obligations were to be imposed on any subsequent transferees (Doc. 9-5 at 4). Throughout the 2004 purchase, Defendants Smith & Kramer, P.C., William Sidney Smith, and Jan Mohrfeld Kramer represented Plaintiffs. (Doc. 1, ¶ 10). Then, roughly seven years later, when Plaintiffs leased the facilities to Trillium

Holdings, LLC ("Trillium"), the same lawyers (who are now Defendants) drafted the lease agreements. (*Id.*, ¶¶ 13–14).

The lease agreements drafted in 2011 failed to address the Consent Decree. (*Id.*, ¶¶ 16, 19). By 2018, Trillium found itself under investigation by the EPA for violating the Consent Decree. (*Id.*, ¶ 17). Trillium, claiming it had no notice of the Consent Decree and did not agree to assume its obligations, notified Plaintiffs of a potential claim for indemnification. (*Id.*, ¶¶ 17–19). Plaintiffs then filed this lawsuit, claiming that Defendants' failure to advise them properly about whether to provide notice of the lease to the EPA and DOJ, or to address the Consent Decree in the lease agreement, constitutes malpractice. (*See id.*, ¶¶ 16, 27–38; Doc. 24 at 5–6).

Discovery has not been easy, and the Court has been involved multiple times. (*See, e.g.*, Docs. 42, 47, 50, 52, 60, 65, 66). As one relevant example, the parties disagreed as to whether a protective order with an Attorneys' Eyes Only ("AEO") provision was needed. The Court granted Plaintiffs' request but warned Plaintiffs not to overuse the designation. (Doc. 74).

The warning was not heeded. Recently, Plaintiffs designated 51,000 pages of documents as AEO. (Doc. 94 at 6). Defendants pushed back—especially after, according to Defendants' account, Plaintiffs used many of the documents during depositions. (*Id.*) Eventually, Plaintiffs redesignated nearly all of the documents. But a dispute remains over 17 documents (and related deposition testimony), which led to Defendants' Motion to Re-Designate Certain Discovery Documents from AEO to Confidential after In Camera Review (Doc. 94). The Motion has been fully briefed and is ripe for review. (Docs. 96, 97). Additionally, the Court inspected the Disputed Documents in camera and, consistent with Defendants representations, they are communications about the relevant leases and compliance with the Consent Decree.

**II.    STANDARD**

"An AEO designation is the most restrictive possible protective order, as it confines dissemination of discovery materials only to the opposing party's attorneys and other consultants/experts specified in the agreement." *Penn, LLC v. Prosper Bus. Dev. Corp.*, S.D. Ohio No. 2:10-CV-0993, 2012 WL 5948363, *4 (Nov. 28, 2012) (internal quotations omitted). Because it is so restrictive—and severely limits an attorney's ability to disclose facts to the litigant, the AEO designation has the potential to make litigation much more difficult and expensive. *K&M Int'l, Inc. v. NDY Toy, LLC*, 2015 WL 520969, at *5 (N.D. Ohio Feb. 9, 2015) (internal citations omitted), aff'd sub nom. *K & M Int'l, Inc. v. NDY Toy, LLC*, No. 1:13CV771, 2015 WL 5813194 (N.D. Ohio Oct. 5, 2015); *see also Gillespie v. Charter Commc'ns*, 133 F. Supp. 3d 1195, 1202 (E.D. Mo. 2015) (noting an AEO designation "can hamper the ability of the party to present his or her case."). "Thus, in general, courts uphold AEO designations only 'when especially sensitive information is at issue or the information is to be provided to a competitor.'" *K&M*, 2015 WL 5813194 at *5 (quoting *Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008)).

Consistent with these principles, the Amended Joint Protective Order in this case provides that a party may designate discovery materials and deposition excerpts as Confidential if they contain "confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available." (Doc. 76 at ¶ 4(a)). Beyond that, a party may designate information AEO if it is "so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity." (*Id.* at ¶ 4(b)).

A party asserting the AEO designation bears the burden of establishing its propriety, and in so doing must "describe the alleged harm it will suffer from any disclosure with a particular and

specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Ohio Harness Horseman's Ass'n, Inc. v. Northfield Park Assoc., LLC*, N.D. Ohio No. 5:16CV1780, 2016 WL 8608459, *3 (Nov. 30, 2016) (internal citations and quotations omitted); *Fed.-mogul Motorparts Corp. v. Mevotech L.P.*, No. 15-CV-13205, 2016 WL 47969, at *2 (E.D. Mich. Jan. 5, 2016) ("Because the indiscriminate use of attorney's eyes only designations can cause harm, such designation is not used in the absence of a strong showing of probable competitive harm.").

## II. DISCUSSION

Notably, Plaintiffs do not assert that the Disputed Documents concern trade secrets, sensitive financial information, or other proprietary information—the traditional reasons warranting AEO protection. Instead, they say the designation is warranted because Defendants have an ongoing relationship with Trillium and the Disputed Documents could be relevant to future potential litigation between Plaintiffs and Trillium over disputes about disclosure of the Consent Decree and the EPA's ongoing investigation.

But the Protective Order provides for the use of the AEO designation only if the "information is so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity." (Doc. 76 at ¶ 4(b)). Plaintiffs have not explained how sharing the Disputed Documents with the parties would result in competitive harm beyond noting that it could lead to more litigation. And, upon in camera inspection, the Court does not see how an AEO designation is necessary to protect Plaintiffs from competitive disadvantage. To the contrary, nothing in the Disputed Documents would give Defendants a competitive edge over Plaintiffs. And avoiding litigation exposure—the potential harm Plaintiffs claim—generally is not a reason to provide AEO protection. *See, e.g., Ameriprise*

*Fin. Servs., Inc. v. Rsrv. Fund*, No. CV 08-5219, 2008 WL 11456114, at *3 (D. Minn. Dec. 15, 2008) (rejecting even a Confidential designation over deposition testimony based in part on perceived harm that "might occur if the excerpts are disclosed to be the potential use of this information in other related cases" because "the purpose of entering a protective order is not to insulate a party from the . . . burden that may be caused by having to defend claims of wrongdoing the details of which appear in materials produced during discovery.").

More still, Plaintiffs already have the protection they seek. Again, they say they are concerned that the information may be used in future litigation. But Defendants agree that the Disputed Documents may be designated as Confidential, which means they cannot be used for any purpose other than litigating this action. And, significantly, the information cannot be disclosed to a third party. (Doc. 76, Amend. Joint Protective Order at ¶ 6(a)). Plaintiffs suggest that Defendants are not going to abide by the Protective Order, but this accusation has no foundation. Given this, Plaintiffs' concerns are merely speculative. *See Ohio Harness Horseman's Ass'n, Inc. v. Northfield Park Assocs*., LLC, 2016 WL 8608459, at *5 (N.D. Ohio Nov. 30, 2016) (denying "Highly Confidential" designation where movant failed to establish, beyond mere speculation, that opposing parties would not comply with the protective order or that they have disclosed confidential information in the past).

Accordingly, Plaintiffs have not satisfied their burden, and Defendants' Motion is **GRANTED**.

### III. CONCLUSION

Defendants' Motion to Re-Designate Certain Discovery Documents from AEO to Confidential after In Camera Review (Doc. 94) is **GRANTED**. Consistent with this Order,

Plaintiff shall redesignate the Disputed Documents and related deposition testimony by April 8, 2023.

    IT IS SO ORDERED.

Date:  March 30, 2023                          <u>/s/ Kimberly A. Jolson</u>
                                                                         KIMBERLY A. JOLSON
                                                                         UNITED STATES MAGISTRATE JUDGE